EMANUEL GAROSKEWSKY, DEFENDANT IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued February 24, 1904—Decided November 7, 1904.

In an action for negligence, where the testimony was conflicting as to the manner in which a collision occurred, the trial judge charged the jury that a verdict might be found for the plaintiff, "either on the view that you take of his own testimony or on the view that you take of the defendant's testimony." *Held*, that a judgment rendered for the plaintiff must be reversed where no negligence of any sort could legitimately be inferred from the testimony offered on behalf of the defendant.

On error to the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the plaintiff in error, *Chauncey G. Parker*.

For the defendant in error, *Leonard* and *Samuel Kalisch*.

The opinion of the court was delivered by

GARRISON, J. Under a declaration that charged, in general terms, that the defendant had operated its car at an improper rate of speed, and thereby had run into the plaintiff's wagon, the plaintiff and a number of witnesses called by him laid before the jury the particulars of the plaintiff's case, which were as follows: The plaintiff had turned into Springfield avenue, going towards Newark, and had at once taken the eastbound car tracks and had driven in these tracks for three blocks. While so driving a car came up behind his wagon and ran into its rear end, shoving it forward on to the horse, knocking the horse down and upsetting the wagon.

To meet the concrete case thus presented, the witnesses produced by the defendant testified that the wagon was not

being driven on the same tracks that the car was on, but on the westbound tracks; that it was going at about the same rate of speed, or a little faster, than the car, which was drifting with the power off; that when the team was about fifteen feet further to the east than the car was, the horse was suddenly pulled over from the westbound to the eastbound tracks immediately in front of the car; that, owing to the application of the brakes, the horse was not struck by the car, but that the wagon slid up on to the fender and upset, the car not moving more than a foot after the impact.

The issue presented by this contradictory state of the testimony was, of course, for the jury, to which it was submitted by the trial court in unobjectionable form. The objectionable feature of the charge was that in addition to submitting to the jury the questions of fact thus raised, the trial court took up the defendant's testimony as an independent statement of the occurrence, and told the jury that, assuming it to be true, they were to look at it to see whether, if the accident happened as the defendant said it did, the motorman had exercised reasonable care, saying to them, not only in effect, but expressly, that they might find for the plaintiff "either on the view that you take of his own testimony or on the view that you take of the defendant's testimony." This alternative submission to the jury was, we think, legally erroneous, not upon the purely theoretical ground that it permitted the plaintiff to recover upon a state of facts which he swore never had happened, but because, upon the isolated testimony for the defendant, considered as the jury was instructed to regard it, no negligence of any sort was legitimately inferable; only by piecing it out, so to speak, with items taken from the plaintiff's proofs, could a case of negligence be made of the defendant's version of the collision.

For this error, which was manifestly injurious to the defendant, the judgment rendered in the court below must be reversed.